UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  22-cr-80159-Ruiz/McCabe

UNITED STATES OF AMERICA,

v.

ISAAC OCAMPO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**
**FOLLOWING CHANGE OF PLEA HEARING**

THIS CAUSE is before the Court upon Order of Reference from United States District Judge Rodolfo A. Ruiz, II.  A change of plea hearing was held on 11/16/2022, which was attended by the Defendant, his counsel Alan Saladrigas and Marc Shiner, and Assistant United States Attorney Shannon Shaw.

    1.    The Court found the Defendant competent to proceed with a change of plea colloquy.

    2.    The Court advised the Defendant of the right to have the hearing conducted by the presiding United States District Judge assigned to the case.  The Court further advised the Defendant that, regardless of who conducted the plea hearing, the sentence would be imposed by the presiding United States District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing.  The Defendant and the Government consented to the undersigned judge conducting the change of plea hearing.

3. The Court then conducted a plea colloquy in accordance with the outline set forth in the Benchbook for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. A written plea agreement has been entered into by the parties and made part of the record. This Court reviewed the plea agreement and had the Defendant acknowledge signing the plea agreement. This Court also advised the Defendant of the statutory maximum penalties and any minimum mandatory sentences which could be imposed in this case. The Court also found that the Defendant freely, knowingly, and voluntarily waived any 8th Amendment claim, and that the forfeiture of his assets would be an excessive fine.

5. The Defendant acknowledged being fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney − including the discovery, potential defenses, and potential motions to suppress.

6. The Defendant pled guilty to Count 2 of the Indictment, which charges that the defendant did knowingly make false statements and representations with respect to the information required by Chapter 44 of Title 18, United States Code. The defendant also pled guilty to Count 4 of the Indictment, which charges that the defendant did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

7. The parties submitted an agreed written factual basis for the plea, which was signed by the Defendant, his counsel, and the Government. This factual proffer includes all of the essential elements of the offense to which the Defendant pled guilty. The written factual basis was made part of the record. The Government orally summarized the factual basis for the

plea on the record, including the essential elements of each offense. Defendant acknowledged that he signed the factual proffer and that all the statements contained therein are true.

8. Defendant has been referred to the United States Probation Office for the preparation of a pre-sentence investigation report. The sentencing hearing will be conducted at a time scheduled by separate order by the United States District Judge.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned RECOMMENDS that the Defendant, ISAAC OCAMPO, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Counts 2 and 4 of the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodolfo A. Ruiz, II. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of November, 2022.

_____
RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE